IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAWANN SHAUNTEZ HAYES
#1850884                                                                                                PLAINTIFF

VS.                                        4:18-CV-00634-BRW

U-HAUL TRUCK RENTAL, *et al*.                                                                           DEFENDANTS

## ORDER

I must screen prisoner complaints that seek relief against a government entity, officer, or employee.[1] I will dismiss any part of a complaint raising claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek money from a defendant who is immune from paying damages.[2] A claim is frivolous if "it lacks an arguable basis either in law or in fact."[3] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."[4]

Plaintiff Jawann Shauntez Hayes ("Plaintiff") sued U-Haul Truck Rental, Amanda Hopps, and unidentified law enforcement agents.[5] He alleges that he reserved a van at a U-Haul location on Geyer Springs Road, Little Rock, Arkansas.[6] Because he had to be in a meeting when he was supposed to pick up the van, his fiancee and Hopps went to U-Haul and rented the van.[7] Plaintiff maintains that Hopps gave him the keys to the van.[8] He further maintains that

---

[1] 28 U.S.C. §§ 1915(e); 1915A.

[2] *Id*.

[3] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] Doc. Nos. 1, 7.

[6] Doc. No. 1.

[7] *Id*.

[8] *Id*.

Hopps then called the police and reported that he broke into her room while she was asleep, took the keys, and left with the van.[9] Plaintiff alleges that U-Haul filed false charges of auto theft against him based on false information from Hopps.[10] Either way, Plaintiff apparently drove the van to Max Meadows, Virgina, and left it there, as he did not realize the vehicle had to be returned to Little Rock.[11]

Plaintiff was arrested and charged with auto-theft, and later for possession of a stolen vehicle; those charges are pending against him.[12] He maintains his innocence and alleges that the police failed to properly investigate the alleged crime, resulting in his unlawful detainment.[13] He seeks damages.[14]

U-Haul and Hopps are a private actors. To state a claim for relief under section 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or statutory right.[15] Merely private conduct is not within the reach of section 1983.[16] For private conduct to fall under section 1983, "a private actor must be a 'willful participant in joint activity with the State' in denying plaintiff's constitutional rights."[17] "A plaintiff 'must allege, at the very least, that there was a mutual understanding, or a meeting of the

---

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Doc. Nos. 1, 7.

[13] *Id.*

[14] *Id.*

[15] *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

[16] *Id.* at 50.

[17] *Magee v. Trustees of Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *Dossett v. First Bank*, 399 F.3d 940, 947 (8th Cir. 2005)).

2

minds, between the private party and state actor.'"[18] Plaintiff made no allegations of joint activity with a state actor, and his complaint does not otherwise indicate joint activity.[19] Further, private party providing false information to the police, without more, is not considered a state actor for the purposes of § 1983.[20]

Plaintiff maintains that he was wrongly charged with auto theft and possession of a stolen vehicle; he contends that if the Doe defendants had properly investigated the allegations, his innocence would be clear.[21] In *Younger v. Harris,* [22] the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.[23]

The *Younger* abstention doctrine is appropriate where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue for reviewing his constitutional claims in state court.[24] Here, Arkansas and Virginia have important interests in adjudicating any charges against Hayes, and he may raise the constitutional issues before the state court. Hayes has not pled any extraordinary circumstances that would warrant

---

[18] *Pendleton v. St. Louis County*, 178 F.3d 1007, 1011 (8th Cir. 1999) (internal citation omitted).

[19] Doc. Nos. 1, 7.

[20] *See, for example, Gibson v. Regions Financial Corp*, 557 F.3d 842, 846 (8th Cir. 2009).

[21] Doc. Nos. 1, 7.

[22] 401 U.S. 37, 43-45 (1971).

[23] *Id.* at 44.

[24] *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994).

intervention in state proceedings.²⁵ When, as here, a plaintiff seeks damages, his case should be stayed under *Younger*, rather than dismissed.²⁶ Accordingly, Hayes's complaint is administratively terminated until the criminal charges against him have been fully resolved.

## CONCLUSION

1. Hayes's claims against U-Haul and Amanda Hopps are DISMISSED without prejudice for failure to state a claim for which relief may be granted.

2. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Hayes's criminal charges.

3. This case is subject to reopening upon Hayes's filing of a motion to reopen the case within thirty days after such final disposition.

4. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this order would not be taken in good faith.

IT IS SO ORDERED this 26th day of September, 2018.

/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

²⁵ *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

²⁶ *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481-82 (8th Cir. 1998).